## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| ANTHONY SEWELL,<br><br>          Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a<br>Pennsylvania corporation, SUNRISE CREDIT<br>SERVICES, INC., a New York corporation,<br>ANTHONY STARK, LAUREEN ELIZABETH<br>BELLAMY, and WILMINGTON TRUST<br>CORPORATION, a Delaware corporation,<br><br>          Defendants. | Case No. _____ |

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ANTHONY SEWELL, by and through undersigned counsel, and files this Complaint against the Defendants named above and alleges:

### JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiff is a natural person who resides in the Alva, Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5.    Defendant NCO Financial Systems Inc. (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

6.    Defendant Sunrise Credit Services, Inc. (hereinafter "Defendant Sunrise") is a collection agency operating from an address of 260 Airport Plaza, Farmingdale, New York 11735-3946 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

7.    Defendant Anthony Stark. (hereinafter "Defendant Stark") is a natural person who was employed at all times relevant herein by Defendant Sunrise as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

8.    Defendant Laureen Elizabeth Bellamy (hereinafter "Defendant Bellamy") is a natural person who was employed at all times relevant herein by Defendant Sunrise as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

9.    Defendant Wilmington Trust Corporation (hereinafter "Defendant Wilmington") is a Delaware corporation with its principal place of business located at 1100 North Market

Street, Rodney Square North, Wilmington, Delaware 19890-0765.  Defendant Wilmington is a "creditor" as defined by Section 15 U.S.C. § 1692a(4) and 559.55(3).

## FACTUAL ALLEGATIONS

10.  On or around 1998, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to pay for driving school with Defendant Wilmington, account number ending in 1478, in the approximate amount of $3,980.97, which was used by Plaintiff for personal, family and household purchases.

11.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants NCO and Sunrise and/or others for collection from this Plaintiff.

### *January 8, 2004 NCO Settlement Letter*

12.  On or about January 10, 2004, Defendant NCO sent Plaintiff a settlement offer wherein NCO advised it had authority from Defendant Wilmington to accept $2,000.00 a full settlement on the alleged $5,155.55 owed on the above-described account.  See first settlement letter attached as Exhibit 1.

13.  The letter advised if Plaintiff accepted and paid the settlement amount, Defendant Wilmington will be notified of the settlement and update Plaintiff's credit report accordingly.

14.  Upon information and belief, Defendant NCO was acting as Defendant Wilmington's agent.

15.  The settlement letter gave Plaintiff until January 20, 2004 to accept the offer to settle.

16. Plaintiff accepted the settlement before the January 20, 2004 deadline which is acknowledged by Defendant NCO's confirmation letter dated January 10, 2004. See confirmation letter attached as Exhibit 2.

17. On or about January 19, 2004, Plaintiff sent a certified check to Defendant NCO via UPS next day air in full satisfaction of the alleged debt. See copy of certified check and UPS shipping document attached as Exhibit 3 and 4, respectively.

18. Upon information and belief, Defendant NCO failed to notify Defendant Wilmington of the settlement and/or Defendant Wilmington failed note the account as settled as agreed.

### December 6, 2006 NCO Settlement Letter

19. Approximately two years later, on or about December 6, 2006, Defendant NCO, in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), sent Plaintiff a letter offering to settle the previously settled debt. See second settlement letter attached as Exhibit 5.

20. Upon information and belief, Defendant NCO listed Royal & Sunalliance as the creditor on the same account in an effort to conceal the account being collected and mislead Plaintiff.

### October 30, 2007 Sunrise Collection Letter

21. On or about October 30, 2007, Defendant Sunrise, in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), sent Plaintiff a collection letter on the previously settled debt. See first collection letter attached as Exhibit 6.

22. Defendant Sunrise lists the creditor for which Defendant Sunrise is collecting as U.S. Bank Portfolio Services.

23. Despite being fully settled, the owner of the alleged debt at or after the time of settlement, either Defendant Wilmington or Defendant NCO, transferred the account to U.S. Bank Portfolio Services as a valid debt.

### *October 30, 2007 Phone Call to Defendant Sunrise*

24. On or about October 30, 2007 after receiving the first collection letter from Defendant Sunrise, Plaintiff contacted Defendant Sunrise and spoke Defendant Stark, a Defendant Sunrise employee, and advised the alleged debt had been previously settled.

25. Defendant Stark rudely advised that Plaintiff had not paid and needed to set up a payment plan.

26. Plaintiff faxed documentation of payment and settlement to Defendant Stark who then advised Defendant Sunrise was wrong, the debt was not owed, that such would be indicated on Plaintiff's account and Plaintiff would not receive any further letters. See fax cover page attached as Exhibit 7.

27. Upon information and belief, Defendant Stark never made any indication that the account was paid on Plaintiff's account and never intended to do so.

### *February 13, 2008 Sunrise Collection Letter*

28. On or about February 13, 2008, Defendant Sunrise, in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), sent Plaintiff another collection letter on the previously settled debt despite having already acknowledged its invalidity. See second collection letter attached as Exhibit 7.

29. Upon information and belief, Defendant Sunrise omitted the original account number from the letter in an effort mislead Plaintiff that it was collecting on another account.

*February 13, 2008 Phone Call to Defendant Sunrise*

30.     On or about February 13, 2008 after receiving the second collection letter, Plaintiff called Defendant Sunrise and made contact with Defendant Bellamy.

31.     Defendant Bellamy nastily advised the debt was not paid and said they would sue him and his business, garnish his wages and leave him with nothing unless he paid.

32.     Plaintiff again faxed documentation to Defendant Sunrise and Defendant Bellamy advised the account would be noted as settled.

33.     Upon information and belief, the account remains unsettled in Defendant Sunrise's system and Defendant Bellamy never intended to make such a notation.

### *Summary*

34.     All of the above-described collection actions and communications made to Plaintiff by Defendant NCO, Defendant Sunrise, Defendant Wilmington, Defendant Stark, Defendant Bellamy, and other collection employees employed by Defendant NCO and Defendant Sunrise, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others, the FCCPA, including but not limited to Section 559.72(5), (6), and (9), and/or the FDUTPA.

35.     During their collection communications, Defendants and these individual debt collectors employed by Defendant Sunrise repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

36.   The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

37.   This series of attempted collection acts by Defendants Sunrise and Defendant NCO and its employees pushed Plaintiff to consider bankruptcy as a way out of this debt that has already been settled.

38.   Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationship with his fiancé, as well as with other family members.

39.   Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

40.   The acts and omissions of Defendant Stark and Defendant Bellamy, and the other debt collectors employed as agents by Defendant Sunrise who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Sunrise.

41.   The acts and omissions by Defendant Stark and Defendant Bellamy and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Sunrise in collecting consumer debts.

42.   By committing these acts and omissions against Plaintiff, Defendant Stark and Defendant Bellamy and these other debt collectors were motivated to benefit their principal, Defendant Sunrise.

43.   Defendant Sunrise is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, the FCCPA, and the FDUTPA, in their attempts to collect this debt from Plaintiff.

44.   Upon information and belief, the acts and omissions of Defendant NCO communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendant Wilmington.

45.   Upon information and belief, the acts and omissions by Defendant NCO were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant Wilmington in collecting consumer debts.

46.   Upon information and belief, by committing these acts and omissions against Plaintiff, Defendant NCO was motivated to benefit its principal, Defendant Wilmington.

47.   Defendant Wilmington is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection agents, including but not limited to violations of the FCCPA and the FDUTPA in its attempts to collect this debt from Plaintiff.

### TRIAL BY JURY

48.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANTS NCO, SUNRISE, STARK, AND BELLAMY

### 15 U.S.C. § 1692 et seq.

49.    Plaintiff incorporates by reference 1 – 48 of the above paragraphs of this Complaint as though fully stated herein.

50.    The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

51.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST DEFENDANTS NCO, SUNRISE, STARK, BELLAMY, AND WILMINGTON

### Section 559.55 et seq., Fla. Stat.

52.    Plaintiff incorporates by reference 1 – 48 of the paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Section 559.72(9), with respect to Plaintiff.

54. Additionally, by transferring a debt known not to be legitimate or owed, the owner of alleged debt at the time of transfer, either Defendant Wilmington or NCO, violated Section 559.72(5) and (6).

55. As a result of each and every Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from each and every Defendant herein.

56. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT AGAINST DEFENDANTS NCO, SUNRISE, STARK, BELLAMY, AND WILMINGTON

### Section 501. et seq., Fla. Stat.

57. Plaintiff incorporates by reference 1 – 48 of the paragraphs of this Complaint as though fully stated herein.

58. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendants in the attempted collection of debt not owed.

59. At all times relevant to this Complaint, Defendant Wilmington was engaged in the business of consumer financing, collecting payments thereon, and negotiating consumer debts.

60.   At all times relevant to this Complaint, Defendants NCO, Sunrise, Bellamy and Wilmington were engaged in the business of debt collection.

61.   Plaintiff has never engaged in the business of consumer financing, debt collection, or negotiating consumer debt.

62.   The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

63.   In engaging in the conduct more specifically described in the Factual Allegations above, Defendants committed deceptive and unfair trade practices in connection with attempting collect a debt not owed.

64.   Additionally, the owner of alleged debt at the time of transfer, either Defendant Wilmington or NCO, committed a deceptive and unfair trade practice by transferring a debt known not to be legitimate or owed.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST DEFENDANTS NCO, SUNRISE, STARK, BELLAMY, AND WILMINGTON

### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against each and every Defendant and for each Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT AGAINST DEFENDANTS NCO, SUNRISE, STARK, BELLAMY, AND WILMINGTON

### Section 501.201 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 501.211 against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against each and every Defendant and for each Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: Februray 7, 2009

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*


By:  **s/David W. Fineman**
DAVID W. FINEMAN, ESQ.
Fla. Bar No. 0040993
dfineman@DellutriLawGroup.com
CARMEN DELLUTRI, ESQ.
Fla. Bar No. 004385
cdellutri@DellutriLawGroup.com
DAVID LAMPLEY, ESQ.
Fla. Bar No. 0044408
dlampley@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA          )
                                      ) ss
COUNTY OF LEE            )

Plaintiff ANTHONY SEWELL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Anthony Sewell

Subscribed and sworn to before me
this ____ 10th day of February, 2009.

_____
Notary Public

CHRISTIE LEE GARRATT
Notary Public - State of Florida
My Comm. Expires Jan 3, 2013
Commission # DD 843234
Bonded Through National Notary Assn.